**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **INSURANCE COMPANY OF GREATER NEW YORK MUTUAL**<br>200 Madison Avenue<br>New York, NY 10016<br><br>    **Plaintiff,**<br><br>    v.<br><br>**MAY'S PLUMBING, LLC,**<br>36983 Newlands Street<br>Mechanicsville, Maryland 20659<br>    **SERVE ON:**<br>    **Denise Marie May**<br>    36983 Newlands Street<br>    Mechanicsville, Maryland 20659<br><br>    **Defendant.** | *<br>*<br>*<br>*<br>*<br>*  CASE NO.: _____<br>*<br>*<br>*<br>*<br>*<br>* |

* * * * * * * * * * * * * *

## COMPLAINT

COMES NOW Plaintiff, the Insurance Company of Greater New York ("GNY"), through counsel, and hereby files this civil action against May's Plumbing, LLC. ("May's"), and in support thereof, states as follows:

## NATURE OF THE ACTION

This is a subrogation action for damages arising out of negligent plumbing work performed at a condominium that caused substantial water damage to the condominium building located at 4620 North Park Avenue, Chevy Chase, Maryland 20815. GNY paid for the cost of repair pursuant to the policy of insurance in place at the time of the loss, and now seeks to recover from the Defendant the extent of those payments.

## PARTIES

1. Plaintiff, the Insurance Company of Greater New York ("GNY") is an insurance company organized under the laws of the State of New York, with its principal place of business in New York, NY, and has a certificate of authority to conduct the business of insurance in the District of Columbia.

2. At all relevant times, GNY provided insurance coverage to 4620 North Park Avenue Condominium Association, Inc., ("4620 North Park") for the property located 4620 North Park Avenue, Chevy Chase, Maryland 20815, subject to the terms and conditions of a Policy of insurance with effective dates of January 1, 2019 through January 1, 2020 (the "Policy").

3. May's Plumbing, LLC was, at all relevant times, and still is a forfeited Limited Liability Company that was formerly organized under the laws of Maryland with its principal place of business in Maryland. May's Plumbing, LLC, is a proper entity pursuant to Md. Code § 4A-920 of the Corporations and Associations Article. *See also Price v. Upper Chesapeake Health Ventures*, 192 Md. App. 695, 705 (2010)

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a). This is a civil action where jurisdiction is founded on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is proper under 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to the claim occurred in Maryland.

6. This Court has personal jurisdiction of Mays under the Due Process clauses of the fifth and fourteenth amendments to the U.S. Constitution because it is domiciled in Maryland,

transacted the business giving rise to this claim in Maryland, supplied services giving rise to this claim in Maryland, and caused tortious injury in Maryland by an act or omission in Maryland.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, 4620 North Park owned the property located at 4620 North Park Avenue, Chevy Chase, Maryland 20815 (the "Property").

8. At all times material hereto, Plaintiff GNY provided property insurance for the Property, pursuant to a policy of insurance bearing policy number 6119M90756.

9. The Property is a sixteen (16) story residential condominium with brick exterior walls.

10. On or before March 21, 2019, Mays was retained to replace thirty-four (34) hot and cold water riser valves on the east side of the Property in consideration for $15,980.00 (the "Contract").

11. Several hot and cold water riser valves were located in the hallway ceiling of the penthouse level of the Property.

12. Specifically, May's scope of work included:

   a. Cutting access holes for each valve and covering the walls with plastic;

   b. Shutting off the water supply to the building;

   c. Removing the existing hot and cold water riser valves for tiers 1, 2, 3, 4, 6, and 7;

   d. Installing new ball valves;

   e. Restoring the water supply to the building;

   f. Testing all work;

   g. Bleeding air from the system; and

    h. Cleaning up the job site and removing debris.

13. Additionally, May's contracted with 4620 North Park for an express one (1) year warranty on labor.

14. In consideration for the work and warranties given in paragraphs 10, 11, 12, and 13; 4620 North Park promised to give $15,980.00.

15. Approximately one week before April 1, 2019, May's was in the process of performing under the contract.

16. In furtherance of its obligations under the Contract, May's was using a Pro Press® or similar pipe fitting crimping tool to connect the components of the plumbing in the penthouse level of the Property.

17. In concluding its work for a day, May's connected two components of the plumbing, but failed to use a Pro Press® or similar tool to crimp and secure the components together. Therefore, the connection was unsecure.

18. Thereafter, May's restored the water supply to the building notwithstanding the fact that one or more of the plumbing connections were unsecure.

19. On April 1, 2019, the unsecured connection came loose and separated, which caused water to flow out for approximately an hour and a half until the water to the Property could be shut off.

20. The water caused damage to 58 condominium units including kitchen cabinets, flooring (originally parquet) drywall, baseboards and fixtures—amongst other things.

21. The water caused severe and extensive water damage to the Property in an amount over $1,800,000.00.

22. Pursuant to the terms and conditions of the Policy, GNY paid 4620 North Park for property damage due and owing under the Policy.

23. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of 4620 North Park to the extent of its payments.

<u>Count 1</u><br>
<b>Negligence</b>

24. GNY adopts by reference and incorporates each and every allegation set forth above as though fully set forth herein.

25. May's had a duty to safely and property replace the hot and cold water riser valves on the east side of the Property.

26. May's breached its duty to safely and property replace the hot and cold water riser valves on the east side of the Property, and to otherwise make sure its actions did not damage the Property.

27. As a direct and proximate result of May's negligence and carelessness, a pipe connection failed, causing severe and extensive damage to the Property.

28. The aforementioned pipe failure and the resulting damages sustained by 4620 North Park, was directly and proximately caused by the negligence, carelessness, recklessness, gross negligence, and/or omissions of May's, both generally and in the following particulars:

(a) causing or allowing a water damage to occur at the Property;

(b) failing to exercise reasonable care when connecting plumbing comments to replace hot and cold water riser valves at the Property;

(c) failing to exercise reasonable care when restoring the water supply to the building;

    (d) appropriately test the plumbing components of the property after performing work on them;

    (e) failing to properly supervise the work performed pursuant to the Contract;

    (f) causing or allowing a water hazard to exist within the Property;

    (g) otherwise failing to use due care under the circumstances.

29. The water caused severe and extensive water damage to the Property in an amount over $1,800,000.00.

30. Pursuant to the terms and conditions of the Policy, GNY paid 4620 North Park for property damage due and owing under the Policy.

31. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of 4620 North Park to the extent of its payments.

**WHEREFORE,** Plaintiff, Greater New York Mutual Insurance Company, demands judgment against Defendant, 4620 North Park Avenue Condominium, in an amount in excess of seventy-five thousand dollars ($75,000.00) in damages, plus costs, prejudgment interest, post-judgment interest, and any other relief the Court deems just and proper.

<u>Count 2</u>
**Breach of Contract**

32. GNY adopts by reference and incorporates each and every allegation set forth above as though fully set forth herein.

33. On March 21, 2019, May's and 4620 North Park entered into an enforceable contract to perform certain pluming work in consideration for $15,980.00.

34. The aforementioned contract came with an express warranty coving May's labor.

35. May's breached the contract by performing in an unworkman like manner causing severe and extensive water damage to the Property.

36. Because of May's breach of its contract with 4620 North Park, 4620 North Park failed to realize the benefit of its bargain and sustained damages.

37. The water caused severe and extensive water damage to the Property in an amount over $1,800,000.00.

38. Pursuant to the terms and conditions of the Policy, GNY paid 4620 North Park for property damage due and owing under the Policy.

39. In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of 4620 North Park to the extent of its payments.

**WHEREFORE**, Plaintiff, Greater New York Mutual Insurance Company, demands judgment against Defendant, 4620 North Park Avenue Condominium, in an amount in excess of seventy-five thousand dollars ($75,000.00) in damages, plus costs, prejudgment interest, post-judgment interest, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ Bryant S. Green
V. Timothy Bambrick, Esq. (Bar No. 01186)
Bryant S. Green, Esq. (Bar No. 19752)
NILES, BARTON & WILMER, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD 21202
(410) 783-6421
(410) 783-6478 – *facsimile*
vtbambrick@nilesbarton.com
bsgreen@nilesbarton.com
*Attorneys for Plaintiff*
*The Insurance Company of Greater New York*

4816-2054-9038, v. 1